## HENRY SANDERSON *vs.* ANN N. D. EDWARDS.

A testator gave his executor power to sell land covered by a mortgage; the executor caused A. to take an assignment of the mortgage, furnishing him with the money needed; he then sold part of the land, and had A. execute a release of the mortgage on the part sold; and afterwards, for a consideration paid to himself, he caused A. to assign the mortgage to the plaintiff. *Held*, in an action by the plaintiff, under the Gen. Sts. *c.* 140, §§ 1, 3, against the testator's devisees, for the possession of the mortgaged premises, that evidence that the money furnished by the executor to A. was his own, and did not belong to the testator's estate, was admissible; and that a ruling that the mortgage was discharged was erroneous.

A. held a mortgage in trust for B.; at the request of B., A. executed an assignment of the mortgage to C. and delivered the assignment to B. who put it on record; several years afterwards B. delivered the assignment to C.'s attorney, and C., who then first learned of the assignment, gave the attorney a power to enter to foreclose. *Held*, that C. could maintain an action against the mortgagor, under the Gen. Sts. *c.* 140, §§ 1, 3, to recover the premises although B. went into insolvency before he put the assignment on record.

The owner of land gave a promissory note, payable on demand, secured by a mortgage on his land, and died; his executor bought the mortgage with his own money, and had it assigned to A. The executor received from the testator's estate money more than enough to pay off the mortgage, but he applied part of the money in paying off other debts. Afterwards A., at the executor's request, assigned the mortgage to C. *Held*, in an action, under the Gen. Sts. *c.* 140, §§ 1, 3, by C. against the testator's devisees, to recover the mortgaged premises, that to sustain a defence of payment on the ground of the con-

duct of the executor, the burden of proof was on the defendant to show that the executor received money from the estate which he might have applied in discharge of the mortgage debt and did not apply in discharge of other debts.

ACTION under the Gen. Sts. c. 140, §§ 1, 3, by the assignee of a mortgage, to recover a parcel of land in Cambridge. Writ dated September 29, 1870. At the trial in the Superior Court, before *Devens*, J., the following facts appeared:

John Edwards, on September 27, 1844, being seised in fee of the parcel in question and of several other parcels, mortgaged them all to Mary H. Thacher to secure his promissory note for $2100, payable on demand to her or her order. He died on April 2, 1849, leaving a will by which he devised all his property to his wife and children, and appointed Henry M. Chamberlain executor. Chamberlain, as executor, paid the mortgage interest which fell due in September 1849 and March 1850, and the payments were indorsed on the note, the payment of the interest due in March being paid on May 13, 1850; and on October 4, 1850, the executors of the will of Mary H. Thacher, she having in the meanwhile deceased, assigned the mortgage and indorsed the note to Emerson Wheeler, in consideration of the payment of the amount of the note and interest then due; said amount was paid by Chamberlain, the whole transaction being at his request in the name of Wheeler, and Wheeler having no interest therein. This assignment was duly recorded. Afterwards, in pursuance of a power in the will of Edwards, Chamberlain, as executor, sold three parcels of land covered by the mortgage, and procured from Wheeler a release of said three parcels for a nominal consideration, Chamberlain receiving the whole consideration.

Afterwards in 1863, Wheeler assigned the mortgage and indorsed the note to the plaintiff, and the assignment was recorded. Chamberlain, in his private capacity, and not as executor, received from the plaintiff an adequate consideration for the transfer, but nothing was received by Wheeler or by the devisees of Edwards. On April 20, 1870, the plaintiff, who lives in Illinois, made a letter of attorney for the purpose of an entry to foreclose the mortgage, and on May 4, 1870, the attorney made the entry in due form.

The defendant was one of the children of Edwards, and under the devise from him and conveyances from the other devisees held five eighths of the parcel.

The plaintiff offered evidence to prove that the money paid by Chamberlain for the assignment to Wheeler was the private property of Chamberlain, and no part of the estate of Edwards; but the judge refused to admit the evidence, ruled upon the above facts that the action could not be maintained, directed a verdict for the defendant, which was returned, and reported the case for the consideration of this court.

*B. F. Jacobs,* for the plaintiff.

*D. S. Richardson & G. W. Searle,* for the defendant.

AMES, J.  The purchase of the mortgage by Wheeler, although at the request, and with the personal funds, of the executor, was not intended as a payment of the mortgage debt.  It would be the duty of the court, in all cases, to watch with great jealousy every transaction in the nature of a purchase, by an executor or other trustee, of an outstanding incumbrance upon the trust estate, whether made directly by the person holding such a fiduciary relation, or by some agent acting for him.  But such a purchase is not necessarily fraudulent, or injurious to the trust property, or inconsistent with the faithful execution of the trust.  In this instance, it does not appear to have been hostile to the interests of the estate, or to have been in conflict with the faithful execution of the duties of the executor, Chamberlain.  The case shows that he made two payments of semi-annual interest upon the mortgage note, which were duly indorsed as payments by him as executor, made from funds of the estate; that afterwards it became necessary, in order to obtain means for the payment of other debts, to sell portions of the real estate of the deceased included in the mortgage.  In order to effect these sales by virtue of the power conferred upon the executor, it was necessary for him to have it in his power to obtain the requisite releases from the holder of the mortgage.  By furnishing the money necessary to cause the mortgage to be transferred to Wheeler, he acquired the control of the mortgage, and made it certain that a release could

Sanderson *v.* Edwards.

always be obtained whenever it became necessary to exercise the power of sale, and in that way a satisfactory title could be given to every purchaser. In this way, the more immediate and pressing of the debts could be provided for; and the remainder of the real estate would belong to the heirs or devisees, subject to the same incumbrance that had rested upon it at the testator's decease. We do not see any way in which this transaction could have increased the burden upon the trust estate, or have subjected the heirs at law, or devisees under the will, to any loss or disadvantage, or have been productive of any profit or advantage to the executor himself. It enabled him to manage the business of paying off the other debts more conveniently, and to postpone the enforcement of the mortgage to a more convenient season. The cases cited by the defendant are full and explicit, to the effect that the law always presumes that a trustee, when acting in reference to the subject of the trust, acts in the character of trustee for the benefit of the trust estate, and not for his individual benefit, and that he cannot make a profit by any trade or speculation from the trust funds committed to him. But we see nothing in this arrangement that conflicts with this rule; and it furnishes no ground on which it can be held that the mortgage should be considered as paid and extinguished.

Evidence that the executor used his own private funds in the purchase of the mortgage, and obtaining the assignment to Wheeler, and not the funds of the estate, was competent and material, and should have been received.

The objection founded on the statute of limitations we do not understand to be relied upon, and it is plainly untenable on the facts.

It follows then from the report, that the plaintiff is the holder, for a valuable and sufficient consideration, of a mortgage still in full force and effect. The verdict must therefore be set aside, and the case is to                                *Stand for trial.*

At the trial in the Superior Court, after the above decision, before *Rockwell,* J., the following facts appeared, in addition to those above stated:

The money paid by Chamberlain for the assignment to Wheeler was his own. The assignment and indorsement by Wheeler to the plaintiff were in December 1862 or January 1863. The assignment was recorded March 18, 1863. Neither the assignment nor note were given to the plaintiff, nor did he know anything about them until in 1869 or 1870, when Chamberlain, who had had them all the time in his custody, delivered them to the plaintiff's attorney. Neither Wheeler nor Chamberlain ever spoke to the plaintiff about them or agreed to make any assignment to him, and no one received any money for the assignment to the plaintiff, but Chamberlain intended it as a discharge of a considerable indebtedness of his to the plaintiff. Wheeler had no beneficial interest in the proceedings.

On February 27, 1863, Chamberlain applied for the benefit of the insolvent laws, and an assignee of his estate was appointed.

Several hundred dollars were expended by Chamberlain, as executor, in payment of debts due from his testator's estate, not secured by the mortgage, but the exact amount did not appear, except from an account rendered by him, as executor, to the Probate Court, which had never been allowed and on which proceedings in that court were still pending. The defendant objected to the admission of this account in evidence, but the judge admitted it, and Chamberlain testified to its accuracy. He also testified that certain items therein, amounting to $926, were intended as payments on the mortgage note, but were in fact never made; that other items, amounting to $296.44, were for insurance of buildings on the mortgaged land made after the testator's death; that items, amounting to $145.80, were for taxes after the testator's death; that items, amounting to $602.50, were for money advanced to the testator's widow; that an item for $85.75 was for fitting up a burial lot; and that items, amounting to $275.32, were for interest on his balance.

Upon these facts and evidence the judge ruled that the action could not be maintained, directed a verdict for the defendant, which was returned, and reported the case for the determination of this court, according to whose determination judgment was to be entered upon the verdict, or the verdict to be set aside and the case to stand for trial.

*B. F. Jacobs*, for the plaintiff.

*D. S. Richardson*, for the defendant.

WELLS, J.   The plaintiff has acquired the legal title, in mort-gage, by assignment, regular and sufficient in form.   The delivery by Wheeler to Chamberlain, for the plaintiff, was a sufficient de-livery of the deed of assignment; and the letter of attorney given by the plaintiff, authorizing an entry for foreclosure in his behalf, was a sufficient acceptance of the deed by him; thus affirming the previous delivery to Chamberlain for him.   The intermediate insolvency of Chamberlain could not affect the transmission of the legal title from Wheeler to the plaintiff.   His own equitable in-terest passed to the assignee in insolvency.   But the legal title was not his; and the custody of the mortgage deed and note re-mained in him the same as before.   Whether regarded as a bail-ment, a trust or a power, it did not pass to the assignee in insol-vency, and was not terminated by those proceedings.

The plaintiff then is entitled to recover, upon his legal title, unless the debt secured by the mortgage has been in some way satisfied and discharged.   As between the plaintiff and the de-fendant, it is of no consequence to whom the amount, due upon the mortgage debt, equitably belongs.   If it has not been paid, it is an incumbrance upon the property, and gives validity to the legal title of the plaintiff.   Upon that title judgment must be rendered in this suit.   If either party requires it, the amount re-maining due will be ascertained and fixed by a conditional judg-ment, which will determine the rights of the parties with respect to redemption or foreclosure.   Whether the plaintiff will hold the avails of that judgment for his own use, or for the use of other parties equitably entitled to it, need not be determined in this suit, and does not concern the defendant, any further than it affects the question whether certain transactions of Chamberlain may be availed of in defence, to show payment of the mortgage debt, in whole or in part.

It appears that until the transfer from Wheeler to the plaintiff the entire equitable interest was in Chamberlain.   The note is payable on demand, and therefore is open to all defences which could be made to it in the hands of any prior holder.   Chamber-

Sanderson *v.* Edwards.

lain's transactions are therefore competent to be set up in support of the defence of payment. If he received money, in his capacity of executor or otherwise, which ought to have been applied by him to the extinguishment of this debt, it will be so applied in ascertaining the amount justly due to him, as its equitable owner, at the time of the transfer to the plaintiff; and for that amount alone could the plaintiff acquire any right to enforce the claim in any form.

Chamberlain received money, as executor of the mortgagor, more than sufficient to pay the mortgage debt. But there were other debts and expenses to be paid out of the assets, and the amount which was properly so paid by him was in controversy. So far as they were properly paid by him they would reduce the amount that would be applicable to the mortgage debt. The defendant is not entitled to have the application made, as between the mortgage debt and other liabilities, otherwise than as it was in fact made by the executor.

In the court below the presiding judge directed a verdict for the defendant. The report does not indicate upon what ground this was done. It appears to us that the decision of the issue, then to be tried, turned wholly upon the question of payment. That was a question of fact. The burden of proof was upon the defendant. The conduct of Chamberlain in relation to the claim was evidence bearing upon this question; and might give character to the other facts in the case. It is true, as contended for the defendant, that the unsettled account, pending in the Probate Court, was not competent as evidence; and some of the charges contained in it could not be allowed to him in his account, either as executor or as mortgagee. We have not examined the account for the purpose of seeing if a sufficient amount should be rejected to make the balance equal to the mortgage debt, after computing and adjusting the interest account. That is not the province of this court in passing upon questions of law submitted to us.

It is the province of the court in which the trial is had, when a conditional judgment is to be entered, to " inquire and determine how much is due to the plaintiff on the mortgage." **But that, as an adjudication, is a sequence to the verdict.**

The issue submitted to the jury embraced only the questions, 1st. Of the validity of Sanderson's apparent mortgage title, and 2d. Whether there was a breach of the condition. As the note was payable on demand, the latter question was merely that of payment in full. We can see no ground on which the order of the court below, directing a verdict for the defendant, can be sustained; especially as upon the principal question of fact, that of payment, the burden of proof was upon the defendant.

It follows that the verdict must be set aside and a  .

*New trial ordered.*