## MEAD & a. v. LEAVITT.

Where notes secured by mortgage of real estate were indorsed before maturity, and delivered by the mortgagee to the plaintiffs for a valuable and adequate consideration paid by G., to be held as collateral security for G.'s indebtedness to them, it is no defence to a foreclosure suit by the plaintiffs that the notes secured by the mortgage have been paid by the mortgageor to the mortgagee since the assignment to the plaintiffs, and in ignorance of it.

Nor is it material whether the debt has been paid for which the mort-
gage is held as collateral security.  If it is unpaid, the foreclosure suit
may be maintained for the benefit of the plaintiffs; if it has been paid,
it may be maintained for the benefit of G.

WRIT OF ENTRY, to foreclose a mortgage upon land in Dorches-
ter.  Facts found by the court.  Gardner sold the land to Stevens,
and took his mortgage for $879, February 21, 1873.  Stevens sold
the land to Dearborn, with deed of warranty, March 16, 1874, and
took his mortgage to secure two notes of $400 each, payable to
Stevens or bearer,—one in one year, and one in two years, from
date.  This is the mortgage in suit.  Dearborn sold the land to the
defendant with deed of warranty, July 9, 1874.

The plaintiffs held a note against Gardner for $1,100, secured
by mortgage of land in Concord, and, March 18, 1874, by an
arrangement between Stevens and Gardner, and at Gardner's re-
quest, Stevens assigned and delivered the Dearborn notes and mort-
gage to the plaintiffs as collateral security for their claim against
Gardner, and, at the same time, Gardner discharged his mortgage
against Stevens.  The plaintiff took the Dearborn notes and mort-
gage in good faith before due, and as further security for a valid
preëxisting debt, and Gardner in good faith and for value made
the arrangement with Stevens for the transfer of the notes and
mortgage.

The conveyance of the land by Stevens to Dearborn was for the
purpose of concealing it from Stevens's creditors.  About three
months after this transaction, and before Dearborn sold the land to
the defendant, Dearborn, supposing Stevens still held his notes and
mortgage, paid Stevens the amount of his notes.  Stevens had not
the notes and mortgage with him, and promised to send them to
Dearborn, but did not inform him of their assignment to the plain-
tiffs, and Dearborn had no notice of the transfer until called upon
by the plaintiffs for payment when the first note became due.  He
did not inform them that he had paid Stevens, and they did not
become aware of it until afterwards.  In April, 1879, the plaintiffs
recovered judgment of foreclosure on their mortgage against Gard-
ner, and Loomis, plaintiff in interest in that suit, was put in pos-
session of the land July 23, 1879.  The land was of as much value,
at least, as the amount of the conditional judgment.  Since this
action was commenced, the mortgage against Gardner, and the
notes and mortgage in suit, by an understanding with Gardner,
and by his consent, have been assigned by the plaintiffs to E. G.
Loomis, of Boston, who is the plaintiff in interest, and is pros-
ecuting the suit.  There was no evidence that the plaintiffs of
record, the plaintiff in interest, or Gardner ever authorized Ste
vens to collect the notes, or assented to his receiving pay on
them.

MEAD *v.* LEAVITT. [Grafton,

*Burleigh & Adams*, for the plaintiffs.

*Barnard & Barnard*, for the defendant.

CLARK, J. The defendant contends that the mortgage debt has been paid, and therefore this action cannot be maintained; and it appears that Dearborn, the mortgageor, paid the amount of the notes secured by the mortgage to Stevens, the mortgagee, about three months after the notes and mortgage were given. By this payment, the notes and mortgage would have been discharged had Stevens then been the holder of them; but he was neither the holder nor the owner at the time of the payment by Dearborn. Nearly three months previous, and two days after the notes and mortgage were given, Stevens had parted with his interest in them, and had assigned and delivered the notes and mortgage to the plaintiffs of record to hold as collateral security for a debt against Gardner. The consideration of this transfer was the discharge by Gardner of a prior mortgage upon the same premises to secure the sum of $879. By this transaction, entered into in good faith by Mead, Mason & Co. and Gardner before the maturity of the note, Stevens, for a valuable and adequate consideration paid by Gardner, parted with the possession and ownership of the notes and mortgage, and they were delivered to the plaintiffs to hold as collateral security for the debt of Gardner, and upon payment of that debt they would hold them as trustee for Gardner, by whom the consideration for the transfer was paid.

Upon these facts the subsequent payment by Dearborn to Stevens could not affect the validity of the mortgage, or the rights which Mead, Mason & Co. and Gardner had acquired under it, the payment having been made without their knowledge or consent, and the mortgage is still a subsisting lien upon the land. It is the defendant's misfortune that Dearborn did not insist upon his right to have the notes when he paid them. *Strafford* v. *Welch*, *ante*, 46.

If these views are correct, this action can be maintained; and it is immaterial whether the claim of Mead, Mason & Co. against Gardner has been paid by foreclosure of the mortgage upon the Concord land. If it has not been paid, the action can be maintained for the benefit of Mead, Mason & Co. If it has been paid, the action can be maintained for the benefit of Gardner. As between the plaintiffs and the defendant, it is of no consequence to whom the amount due upon the mortgage in suit equitably belongs. If it has not been paid, it is an incumbrance upon the property, and gives validity to the legal title of the plaintiffs. Upon that title judgment must be rendered in this suit. Whether the plaintiffs will hold the avails of the judgment for their own use, or for the use of other parties equitably entitled, does not concern the defendant. *Sanderson* v. *Edwards*, 111 Mass. 335, 340. It appears,

however, that Loomis, the plaintiff in interest, holds by assignment the interest of both Mead, Mason & Co. and Gardner, and there must be

*Judgment for the plaintiffs.*

ALLEN, J., did not sit: the others concurred.